**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VALDO K. VAHER, | DOCKET NUMBERS |
| Appellant, | NY-0752-12-0174-X-1 |
| | NY-1221-12-0191-X-1 |
| v. | |
| DEPARTMENT OF VETERANS | |
| AFFAIRS, | DATE: May 22, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Alan E. Wolin, Esquire, Jericho, New York, for the appellant.

Jack P. Di Teodoro, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    In this compliance matter, the Board ordered the agency to submit evidence that it restored the appellant's annual leave beyond the carry-over maximum of 240 hours.  *See* Compliance Referral File (CRF), Tab 1.  The parties have submitted a settlement agreement that, according to its terms, constitutes the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appellant's withdrawal with prejudice of his petition for review. CRF, Tab 2 at 1. Before dismissing this matter as settled, however, the Board must determine whether the parties have entered into an agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 148-49 (1988). We find that the parties have, in fact, executed a written agreement, that they understood the terms, and that they want the Board to enforce those terms. *See* CRF, Tab 2 at 2, ¶ 3 ("[T]his agreement will be filed with the MSPB which retains jurisdiction for enforcement purposes.").

¶2 In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, the parties freely entered into it, and the underlying subject matter is within the Board's jurisdiction. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find that the parties' agreement is lawful on its face, that the parties freely entered into it, and that the underlying subject matter—a removal action—is within the Board's jurisdiction.

¶3 Accordingly, we DISMISS with prejudice the petition for review, and we accept the settlement agreement into the record for enforcement purposes. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees

WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS
IN MSPB DOCKET NO. NY-0752-12-0174-X-1**

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

<u>Discrimination and Other Claims:  Judicial Action</u>

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS
IN MSPB DOCKET NO. NY-1221-12-0191-X-1**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.